IN THE UNITED STATES DISTRICT COURT
FOR SOUTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF A SWANN DIGITAL RECORDER SN: 134391011210178 FROM A SEARCH WARRANT AT 920 SOUTH PARK ROAD, CHARLESTON, WEST VIRGINIA 25304. | Case No. 2:23-mj-00093 |

### AFFIDAVIT IN SUPPORT OF
### AN APPLICATION FOR A SEARCH WARRANT

I, Anthony Brumfield, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit in support of an application for a search warrant to search a Swann digital recorder, (hereinafter "SUBJECT DEVICE") seized during a federal search warrant at 920 South Park Road, Charleston, West Virginia 25304. The SUBJECT DEVICE is described herein and in Attachment A, and the items to be seized are described herein and in Attachment B.

2. I am a Special Agent for the Drug Enforcement Administration ("DEA"), and as such I am a "federal law enforcement officer" within the meaning of Fed. R. Crim. P. 41(a)(2)(C) and am authorized to apply for search warrants. As a Special Agent employed by the DEA, I am also authorized pursuant to 21 U.S.C. § 878(a) to execute and serve search warrants and arrest warrants issued under the authority of the United States. I have been

employed as a Special Agent of the DEA since October 2020, and I am currently assigned to the Charleston, West Virginia District Office. As part of my duties with the DEA, I investigate violations of federal law, including violations of 21 U.S.C. §§ 841 and 846.

3. Previously, I was employed as a West Virginia State Trooper for approximately one and one-half years. As a West Virginia State Trooper, my primary duties were enforcing West Virginia state laws, providing emergency assistance, conducting investigations, writing reports, and presenting testimony in court. During my tenure with the DEA, I have executed search warrants for narcotics, weapons, records, books, and proceeds associated with illicit activity. I have assisted in the arrests of individuals for violations of state and federal narcotics laws. I have also interviewed and participated in debriefs of individuals who have been involved in the use or sale of controlled substances.

4. I have been the case agent for, or have assisted in, investigations which have led to the seizure of narcotics and the arrests of numerous individuals. I have discussed the methods and practices used by narcotic distributors with numerous law enforcement officers and informants. I have participated in or am familiar with the formal methods of investigations, including but not limited to electronic surveillance, visual surveillance, general questioning of witnesses, search warrants, confidential informants, pen registers, and the use of undercover agents. I

2

have assisted in and conducted undercover operations and I have executed various arrest and search warrants.

5. Through my involvement in numerous Title III investigations, I have gained experience through the interception of wire communications. I have been involved in the review and deciphering of intercepted coded conversations between narcotics traffickers that were later corroborated by surveillance. Throughout my law enforcement career, I have spoken with, worked with, and gained knowledge from numerous experienced federal, state, and local narcotics officers about drug traffickers and their use of cell phones to facilitate drug trafficking by, for example, using code during their conversations.

6. This affidavit is based on information from my personal investigation as well as information provided to me by other law enforcement officers. Because this affidavit is made for the limited purpose of securing authorization for a search warrant, it does not include every fact known to me concerning this investigation; rather, it sets forth only the facts which I believe are necessary to establish probable cause to issue the search warrant as requested.

   a. This Court has jurisdiction to issue the proposed warrant because it is "a court of competent jurisdiction" as defined in 18 U.S.C. § 2711. Specifically, this Court is a district court of the United States that has

jurisdiction over the offenses being investigated. See 18 U.S.C. § 2711(3)(A)(i).

**PROBABLE CAUSE**

7. On March 8, 2023, the Honorable Chief United States District Court Judge Thomas E. Johnston, in the Southern District of West Virginia, entered an order continuing interception of electronic and wire communications over (304)989-4455 (hereafter "TARGET TELEPHONE #1" or "TTI") utilized by TOBY LEE GRALEY (hereafter "GRALEY") and initiating interception of electronic and wire communications over a cellular telephone (304)610-0128 (hereafter "TARGET TELEPHONE" or "TT2") utilized by TEVON O'SHEA VANHORN (hereafter "VANHORN"). From information obtained through intercepted communications, investigators identified 920 South Park Road, Charleston, West Virginia 25304, as a residence utilized and owned by VANHORN and JAIESHA KEYSHARA MORRIS (hereafter "MORRIS").

8. On March 24, 2023, the Honorable United States Magistrate Judge Dwane L. Tinsley signed a federal search warrant in 2:23-mj-00072 for 920 South Park Road, Charleston, West Virginia 25304. Investigators determined that VANHORN and MORRIS are deeded co-owners of 920 South Park Road, Charleston, West Virginia 25304, and believe that VANHORN and MORRIS have utilized the residence as part of VANHORN's drug trafficking organization to store methamphetamine.

4

9. On March 28, 2023, investigators with the DEA Charleston District Office and the U.S. 119 Task Force executed the federal search warrant at 920 South Park Road, Charleston, West Virginia 25304. Investigators with the DEA Charleston District Office and U.S. 119 Task Force conducted a knock and announce, and after an appropriate waiting period and no one answering the door, investigators breached the front door. Upon securing the residence, investigators were unable to locate the occupants. During a search of the residence, investigators located the following items: a Royal Sovereign brand money counter, a Swann branded digital video recorder (hereinafter, "SUBJECT DEVICE"), numerous digital scales, suspected methamphetamine, two empty firearm cases (Smith and Wesson model MSW 1911, .45 caliber handgun, S/N: JRD9180; Glock model 27, .40 caliber handgun, S/N: BUSU716), three empty magazines for a Glock handgun, and an exterior-facing security camera.

10. Investigators believe that the exterior-facing security camera was connected to the SUBJECT DEVICE which should have recorded activity of individuals outside the residence. Investigators also conducted a field test on the piece of methamphetamine which was located inside the residence, and it resulted in a positive result for methamphetamine. Based upon my training and experience, I believe that it is common for drug traffickers to maintain surveillance equipment to protect and

5

secure their drugs and property. I believe that the SUBJECT DEVICE contains evidence of VANHORN's drug-trafficking organization, including identification of co-conspirators.

11. Based on my training, experience, and knowledge of this case, I believe that the address located at 920 South Park Road Charleston, West Virginia 25304 was utilized to store methamphetamine for distribution.

12. On March 29, 2023, a federal grand jury returned a multi-defendant and multi-count indictment against members of the drug trafficking organization. Count One of the indictment charged GRALEY, VANHORN, MORRIS, DREMA KAY KEENEY (hereafter "KEENEY"), and JAMI CHEYENNE MOORE with Conspiracy to Distribute Methamphetamine and Fentanyl in violation of 21 U.S.C. 846.

## CONCLUSION

13. Based on the facts of this case as provided in this affidavit, probable cause exists that VANHORN, MORRIS, GRALEY, and KEENEY have been engaged in Conspiracy to Distribute Methamphetamine in violation of 21 U.S.C. § 846.[1] Probable cause exists that VANHORN has been engaged in Distribution or Possession with Intent to Distribute Methamphetamine and Fentanyl in violation of 21 U.S.C. § 841(a)(1). Probable cause exists that

---

[1] Investigators believe that JAMI CHEYENNE MOORE died prior to execution of the arrest warrant; investigators are currently awaiting confirmation of the same.

evidence of these offenses is currently located in the SUBJECT DEVICE as more fully described in Attachment A.

Further your affiant sayeth naught.

_____
ANTHONY BRUMFIELD
SPECIAL AGENT
DRUG ENFORCEMENT ADMINISTRATION

Sworn to before me by telephone this 28th day of April, 2023.

_____
DWANE L. TINSLEY
UNITED STATES MAGISTRATE JUDGE